UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| GREGORY LAMAR WHISNANT, ) ) *Plaintiff*, ) v. ) ) ATTORNEY CASEY STOKES; ATTORNEY ) WILLIAM DONELSON; ATHENS POLICE ) CHIEF CHUCK ZIEGLER; DETECTIVE ) DETECTIVE FREDDIE SCHULTZ; ) DETECTIVE SCOTT WEBB; SHERIFF ) STEVE FRISBIE; CHIEF OF POLICE TIM ) SMITH; CHIEF OF POLICE TIM CARVER; ) LT. PENNI PALMER; CPL. BOBBI HICKS; ) TAMMY SCHULTS; TRANSPORT OFFICER ) CLAY MOORE; OFFICER AARON TEAGUE;) OFFICER MARLA HAMMONDS; OFFICER ) JIM MCCOMB; OFFICER JESSICA KATES; ) OFFICER ROB MAGUIRE; OFFICER ) SHAWN TRUEBLOOD; ATHENS MEDICAL ) CENTER RECORDS CLERK JOHN DOE; ) SHERIFF RONNIE "BO" BARNETT; JAIL ) ADMINISTRATOR CHRIS ROSS; CHIEF OF ) POLICE STOVALL; CHIEF OF POLICE ) RALPH DAVE; JOHN DOE JACKSON ) COUNTY MEMORIAL HOSPITAL ) EMERGENCY ROOM WORKER; DR. ) TRENTHAM; ATHENS COUNTY MAYOR ) JOHN PROFFITT, JR., MCMINN COUNTY ) MAYOR JOHN GENTRY; AND EDITH KAY ) HARRIS, ) ) *Defendants*. ) | No. 1:08-cv-229 *Chief Judge Curtis L. Collier* |

**MEMORANDUM**

Gregory Lamar Whisnant ("Whisnant"), a *pro se* prisoner, has filed a civil rights complaint

pursuant to 42 U.S.C. § 1983 (Court File No. 3). Whisnant brings suit against several defendants

Attorney Casey Stokes ("Attorney Stokes"); Attorney William Donelson ("Attorney Donelson");

Athens Police Chief Chuck Ziegler ("Police Chief Ziegler"); Detective Freddie Schultz ("Detective

Schultz"); Detective Scott Webb ("Detective Webb"); Sheriff Steve Frisbie ("Sheriff Frisbie"); Chief of Police Tim Smith ("Police Chief Smith"); Chief of Police Tim Carver ("Police Chief Tim Carver"); Lt. Penni Palmer ("Lt. Palmer"); Cpl. Bobbi Hicks ("Cpl. Hicks"); Tammy Schults ("Ms. Schults"); Transport Officer Clay Moore ("Officer Moore"); Officer Aaron Teague ("Officer Teague"); Officer Marla Hammonds ("Officer Hammonds"); Officer Jim McComb ("Officer McComb"); Officer Jessica Kates ("Officer Kates"); Officer Rob Maguire ("Officer Maguire"); Officer Shawn Trueblood ("Officer Trueblood"); Athens Medical Center Records Clerk John Doe ("Clerk John Doe"); Sheriff Ronnie "Bo" Barnett ("Sheriff Barnett); Jail Administrator Chris Ross ("Jail Administrator Ross"); Chief of Police Stovall ("Chief Stovall"); Chief of Police Ralph Dave ("Chief Dave"); John Doe Jackson County Memorial Hospital Emergency Room Worker ("John Doe"); Dr. Trentham ("Dr. Trentham"); Athens County Mayor John Proffitt, Jr. ("Mayor Proffitt"); McMinn County Mayor John Gentry ("Mayor Gentry"); and Edith Kay Harris ("Ms. Harris").

Whisnant brings this civil rights action against numerous defendants for numerous alleged constitutional violations that occurred in Alabama and Tennessee over a span of two years—from June 10, 2004 through May 2, 2006. Whisnant seeks compensatory damages in the amount of $20,000.00 from each defendant and punitive damages in the amount of $700,000.00 from each defendant.

For the reasons explained herein, no service shall issue and the complaint will be **DISMISSED** in its entirety(Court File No. 3). The claims against Attorneys Donelson and Stokes, and the victim in Whisnant's criminal case, Ms. Harris, will be dismissed as frivolous and for failure to state a claim because these parties are not state actors, and therefore, are not suable under 42 U.S.C. § 1983. Additionally, Whisnant's other claims against the remaining defendants will be

2

dismissed as frivolous because they are time barred (Court File No. 3).

I.      **Application to Proceed** *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Whisnant that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Whisnant is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Whisnant is an inmate at Northeast Correction Complex ("NECX"), Mountain City, Tennessee, he will be **ASSESSED** and **SHALL** pay the full civil filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Whisnant's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

> (a)    twenty percent (20%) of the average monthly deposits to Whisnant's inmate trust account; or
>
> (b)    twenty percent (20%) of the average monthly balance in Whisnant's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Whisnant's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the

Warden and Custodian of Inmate Trust Fund Accounts at the NECX in Mountain City, Tennessee, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Whisnant's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Whisnant shall collect the filing fee as funds become available. This order shall become a part of inmate Whisnant's file and follow the inmate if he is transferred to another institution. The agency having custody of Whisnant shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

**II.    Standard of Review**

   *A.    Pro Se Pleadings*

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). Mere "labels and conclusion" will not do. *Id*. 127 S.Ct. at 1965. Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the

standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

  B.  *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). Claims that are barred by the applicable statute of limitations are frivolous. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (Claims barred by the statute of limitations are frivolous); 28 U.S.C. §§ 1915A and 1915(e).

**III. Facts**

For purposes of this review the Court accepts all factual allegations in the complaint as true. On June 10, 2004, Whisnant was at a friend's house in Bridgeport, Alabama when he was accosted by Chief Stovall who threatened him with physical harm while attempting to arrest him. Chief Stovall took Whisnant in for questioning without advising him of his *Miranda* right. Chief Stovall also denied all of Whisnant's requests for counsel. During questioning, Chief Stovall became very

5

combative and threatened Whisnant with physical harm which caused Whisnant to give a false statement incriminating himself because he feared for his safety.

Whisnant was housed at the Scottsboro Justice Center ("Justice Center") in Scottsboro, Alabama from June 10, 2004 until September 10, 2004. During his incarceration at the Justice Center, Whisnant was forced to endure unsanitary living conditions which included molds in the housing units as well as poor ventilation. These conditions affected Whisnant's breathing but his requests for medical attention were denied. Additionally, Whisnant contends the conditions were dangerous and hostile and he was forced to fight with other inmates to protect himself because the Justice Center lacked sufficient security personnel.

Whisnant suffered injuries to his back and neck presumably from the August 8, 2004, incident he references and claims a first shift lieutenant had instructed the prisoner to assault him. Whisnant was initially taken to the hospital for treatment of these injuries, but was denied medical treatment when the hospital workers refused to schedule a MRI for his neck and back trauma because it was Sunday and no one wanted to perform the test. Whisnant maintains that upon his return to the Justice Center, personnel failed and refused to provide follow-up care. In addition, Whisnant claims his request for legal materials was denied. Finally, Whisnant contends he was not permitted to worship and was denied a pork-free diet, as required by his Islamic faith.

Whisnant was apparently arrested in Alabama based on the carjacking that occurred in Tennessee. Thus, he eventually signed the extradition papers, allegedly under intimidation and in violation of his extradition rights, and was transferred to the Marion County Jail in Tennessee.

On November 1, 2004, Attorney Donelson was appointed by the Court to represent

6

Whisnant. Attorney Donelson failed to subpoena and question any of the witnesses who could have testified on Whisnant's behalf; pursue a motion to suppress Whisnant's statement; review any of the prosecution's evidence until thirty minutes prior to the start of the trial; and prepare for trial. In addition, counsel insisted that Whisnant enter a plea of guilty because there were not "many blacks in McMinn County and . . . . [p]laintiff wouldn't receive a fair and impartial trial." (Court File No. 3, p. 8).[1] During the trial, information from Whisnant's medical records was introduced into evidence. This medical evidence was released from the Athens Hospital without proper authority.

Whisnant was indicted for carjacking in McMinn County, Tennessee and was taken from Marion County to McMinn County for court appearances. During the trip between Marion and McMinn counties, Whisnant's hands were handcuffed behind his back and his legs were shackled. During Whisnant's transport from January 7, 2005 through January 10, 2005, the cuffs were too tight causing his hands "to become swollen as he was basically sitting on his hands." (Court File No. 3, p 8). When he asked Officer Moore to loosen the cuffs, he refused and sprayed Whisnant in the face with mace because he continued to complain about the cuffs being too tight.

Sheriff Barnett and Jail Administrator Ross refused to accommodate Whisnant's religious diet requests. In addition, Whisnant's personal property, religious materials, hygiene, and other commissary items were lost but these two defendants refused to acknowledge the staff of Marion County Jail had mishandled his belongings. In addition, Whisnant was denied the opportunity to

review the legal materials regarding the charges that had been lodged against him; denied medical

---

[1] Whisnant was convicted by a McMinn County Criminal Court jury of carjacking and sentenced to eleven years incarceration in the Department of Correction. *State v. Whisnant*, 2007 WL 1280722, *1 (Tenn.Crim.App. 2007).

treatment; and denied a shower for approximately seven days.

On October 13, 2005, Whisnant was transferred to McMinn County Jail to be held until sentencing. While housed in McMinn County, from October 13, 2005 until May 6, 2006, Whisnant was denied medical treatment, showers, and legal materials. In addition, Whisnant was harassed by Chief Smith, Chief Carver, Lt. Palmer, Cpt. Hicks, Officer Schults, Officer Teague, Officer Hammonds, Officer McComb, Officer Kates, Officer Maguire, and Officer Trueblood.

In addition, Whisnant claims his medical records were illegally released from the Athens Hospital and the alleged victim of the carjacking, Ms. Harris, slandered him and provided false testimony when she changed her description of the carjacker to match his description after she realized her initial description of the carjacker did not fit Whisnant.

Attorney Stokes was appointed by the court to represent Whisnant on his post conviction petition. Attorney Stokes failed to investigate his case and subpoena the District Attorney's, as well as the Athens Police department's, investigative files.

**IV.    Analysis - 42 U.S.C. § 1983 Claim**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied*, 502 U.S. 1032 (1992).

*A.  Non-Suable Parties*

Whisnant has filed this *pro se* civil rights complaint against numerous government employees, the victim of his carjacking conviction, and two court-appointed attorneys, Mr. Stokes and Mr. Donelson. Whisnant brings suit for alleged legal malpractice against Attorneys Stokes and Donelson. Attorney Donelson was appointed to represent Whisnant in his criminal crajacking case in McMinn County Criminal Court and Attorney Stokes was subsequently appointed to represent Whisnant in his related state post-conviction proceedings. Whisnant complains about Attorney Donelson's representation of him in his criminal case for carjacking in McMinn County Criminal Court and about Attorney Stokes' representation of him in his state post conviction proceedings attacking his carjacking conviction.

A court-appointed attorney, like any retained counsel, serves his client. Apparently Whisnant is of the impression that a court-appointed attorney representing a client in the defense of a criminal charge or in a post conviction proceeding in state court is acting under color of state law, within the meaning of 42 U.S.C. § 1983. Whisnant cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *Haley v. Walker,* 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (court-appointed attorney representing criminal defendant does not act under color of state law); *United States ex rel. Simmons v. Ziblich*, 542 F.2d 259 (5th Cir. 1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.); *also see Harkins v. Eldredge*, 505 F.2d 802 (8th Cir. 1974); *Page v. Sharpe*, 487 F.2d

9

567 (1st Cir. 1973); *Stewart v. Meeker*, 459 F.2d 669 (3d Cir. 1972); *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972); *French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970); *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968); *Harris v. Ward*, 418 F.Supp. 660 (S.D.N.Y.1976).

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Although the record does not reflect that either Attorney Donelson or Attorney Stokes is a public defender, but rather seemingly reflects they were court-appointed private attorneys, the rule is likewise applicable to court-appointed private attorneys. Thus, neither Attorney Donelson nor Attorney Stokes is suable in a § 1983 action because a private attorney, despite the fact he has been appointed by the court, does not act under color of state law for purposes of § 1983. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (court-appointed attorney representing criminal defendant does not act under color of state law). As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding" *West v. Atkins*, 487 U.S. at 50, a criminal lawyer does not act under color of state law for purposes of § 1983 because, regardless of the fact that he is appointed by the State, he is the State's adversary and not acting on the State's behalf. Thus, neither Attorney Donelson nor Attorney Stokes was transformed into a state official acting under color of state law for purposes of § 1983 because, even though they were appointed by a state court pursuant to state law, they did not act on the State's behalf; both attorneys were the State's adversary.

In summary, the Court concludes Whisnant has failed to set forth any claims or facts against either of the two attorneys entitling him to relief under 42 U.S.C. § 1983. Attorney Donelson and Attorney Stokes did not act under color of state law, and, therefore, Whisnant has failed to state a claim under 42 U.S.C. §1983.

Likewise, Whisnant has failed to state a claim under § 1983 against the victim of his crime. Ms. Harris, the victim of Whisnant's crime, is a private citizen. Whisnant, therefore, has no cause of action under 42 U.S.C. § 1983 against Ms. Harris because, in general, private individuals do not act under color of state law, are not state actors, and are not amenable to a § 1983 suit. *See Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (generally, plaintiffs may not proceed under § 1983 against a private party).[2]

Accordingly, because the professional acts performed by Whisnant's counsel cannot be considered acts done under color of state authority, and Ms. Harris cannot be considered a state actor based on the record before the Court, Whisnant's complaint lacks an arguable basis in law and will be **DISMISSED** as frivolous, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to these three defendants. 28 U.S.C. §§ 1915A and 1915(e)

  B.  *Timeliness*

All of Whisnant's claims against the remaining defendants stem from his arrest in Alabama on June 10, 2004, and his incarceration up to May 6, 2006. For purposes of 42 U.S.C. § 1983, the

---

[2] Although there are circumstances under which private persons may, by their actions, become state actors for § 1983 purposes, Whisnant has not alleged that Ms. Harris should be considered a state actor and the record before the Court does not demonstrate that she should be treated as a state actor.

11

state statutes of limitation and tolling principles shall apply to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985).

Under Tennessee law, the statute of limitations for a civil action for compensatory or punitive damages brought under the federal civil rights statutes is one year after the cause of action has accrued. The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Whisnant's claims under 42 U.S.C. §1983, constitute civil actions brought under federal civil right statutes and are therefore subject to the one-year statute of limitations. However, "the accrual of [those claims] is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095 (2007); *also see Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d at 1107.

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tortuous act is committed. *See Echols v. Chrysler Corp.*, 633 F.2d 722, 725-26 (6th Cir. 1980). This is known as the "time of event" rule and
is applied whenever greater than *deminimus* harm is discernible at the time of the tortuous event. *Hicks v. Hines Inc.*, 826 F.2d 1543, 1544 (6th Cir. 1987).

A statute of limitation begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his actions. *Collyer*, 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

12

Whisnant's complaint reflects he was arrested in Alabama on June 10, 2004, and was extradited to Tennessee on September 10, 2004. Therefore, Whisnant's § 1983 claims of constitutional violations in relation to his initial arrest and his conditions of confinement against the Alabama Defendants are time-barred because they accrued no later than September 10, 2004, when he left the Alabama Jail and was extradited to Tennessee. Consequently, the one-year statute of limitation began to run on September 10, 2004, and expired on or about September 12, 2005. Whisnant's claims against the Alabama Defendants he alleges illegally released his medical records appear to have accrued during his trial which took place during 2006. Whisnant's complaint was filed on August 25, 2008, almost three years after the expiration of the one-year statute of limitation for the claims related to his arrest and confinement and approximately two years after the expiration of the one-year state of limitation for the medical records claims. Accordingly, the claims against the Alabama Defendants are time-barred.

Likewise, the claims against the Tennessee Defendants are time-barred. The record reflects Whisnant was extradited to Tennessee on September 10, 2004, and the last date he identifies as allegedly having a constitutional right violated is May 2, 2006.[3] Under the facts presented by Whisnant, the last date upon which he was subjected to this alleged unconstitutional treatment was on May 2, 2006, when he was denied medical care for his breathing condition. Thus, he was aware of his injuries, from the alleged unconstitutional conditions, denial of medical treatment, and excessive use of force no later than May 2, 2006, the last day the unconstitutional conduct occurred. Therefore, Whisnant's claims against the Tennessee Defendants accrued no later than May 2, 2006,

---

[3] The Court is aware Whisnant, arguably, claims his state post-conviction counsel violated his constitutional rights subsequent to April 17, 2006, but the Court previously concluded counsel was not suable under § 1983. *See* Section IV. A.

13

the last date on which he was denied medical care. Consequently, the one year statute of limitations began to run on May 2, 2006, and the statute of limitations expired one year later, on or about May 2, 2007. The record indicates this action was filed on August 25, 2008, a little more than one year past the expiration of the statutory time limit for assertion of such claims. Thus, the filing of the complaint occurred after the applicable statute of limitations expired. Accordingly, Whisnant's 42 U.S.C. § 1983 claims against the Tennessee and Alabama Defendants are time-barred.

  *C.*   *Conspiracy Claim*

  The Court observes that in addition to being time-barred, Whisnant's conspiracy claim also fails because it is factually unsupported and fails to state a claim upon which relief may be granted. Whisnant alleges, without supplying any factual support, that Mayors Proffitt and Gentry "acted indirectly and conspired with the city officials" and thus, they are liable because they condoned the actions of each of the other defendants when they failed to remedy the jail conditions under which Whisnant was housed. The Sixth Circuit set forth the standard for proving a § 1983 conspiracy claim in *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985).

  A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. An express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Id*. at 943-44.

  Although circumstantial evidence may provide adequate proof of a conspiracy, *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000), "[i]t is well-settled that conspiracy claims must be pled

14

with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Whisnant's complaint does not meet the requisite degree of specificity needed to sustain a § 1983 conspiracy claim. Whisnant has submitted no evidence, circumstantial or otherwise, suggesting the Defendants had a single plan and acted in concert to deprive Whisnant of the equal protection of the laws when they incarcerated him and alleged exposed him to unconstitutional jail conditions. Whisnant's vague and factually unsupported conspiracy claim is nothing more than a bare allegation that, in addition to being time-barred, is factually unsupported and fails to state a claim for which relief may be granted.

    *D.      Improper Venue and Lack of Personal Jurisdiction*

The Court also observes that, in addition to the claims being time-barred against the Alabama Defendants, the Alabama Defendants are subject to dismissal from this lawsuit for improper venue and lack of personal jurisdiction over them. The Eastern District of Tennessee is not the proper venue for the complaint against the Alabama Defendants under 28 U.S.C. § 1391(b). It appears from the complaint that there is no plausible basis for this Court to exercise personal jurisdiction over the Alabama defendants. All of the relevant events and acts giving rise to Whisnant's complaint against the Alabama Defendants occurred only within the state of Alabama.

In *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310 (1945), the Supreme Court ruled that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does

15

not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316 (citations omitted). When evaluating whether these constitutional requirements of personal jurisdiction over a defendant have been met, courts have recognized two types of personal jurisdiction—general and specific jurisdiction. *See Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). A court has general jurisdiction over a defendant even if the case is unrelated to defendant's contacts with the state, if the defendant's contacts with the state are continuous and systematic. *Id.* A court has specific jurisdiction over a defendant where the suit arises out of or is related to the defendant's contacts with the forum state. *Id.*

Whisnant has failed to establish a *prima facie* case of personal jurisdiction over the Alabama Defendants exists and there are no facts in the record to suggest that they have had any contacts with the State of Tennessee. Absent personal jurisdiction over the Alabama Defendants, they may not be haled into this Court to defend against claims related to those non-existant contacts. *See generally*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

The Court is not *sua sponte* dismissing the complaint for improper venue and lack of personal jurisdiction here because these are affirmative defenses that may be waived by the defendants pursuant to Fed. R. Civ. P. 12(h)(l). The Court merely observes that even if Whisnant's claims were not time-barred and he were to effect service of process of his complaint upon the defendants, the complaint would likely be subject to dismissal under Fed. R. Civ. P. 12(b)(2) and (3) on the grounds of lack of personal jurisdiction and improper venue.

Accordingly, Whisnant's complaint against the defendants will be **DISMISSED WITH PREJUDICE** *sua sponte* in its entirety. Specifically, the complaint against Attorneys Donelson and Stokes, and Ms. Harris will be **DISMISSED** as frivolous and for failure to state a claim upon which

16

relief may be granted since they are not suable under § 1983, and as to the remaining Defendants, the complaint is **DISMISSED** as frivolous under 42 U.S.C. § 1983 because it is time-barred. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (Claims barred by the statute of limitations are frivolous); 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i)(ii).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**